2009 BNH 020
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 08-11156-MWV |
| | Chapter 7 |
| Kenneth E. Bishop, | |
|       Debtor | |
| | |
| Edmond J. Ford, | |
| Chapter 7 Trustee, | |
|       Plaintiff | |
| | |
| v. | Adv. No. 09-1034-MWV |
| | |
| Federal Home Loan | |
| Mortgage Corporation, | |
|       Defendant | |

*Edmond J. Ford, Esq.*
*FORD & WEAVER, P.A.*
*Attorney for Edmond J. Ford*

*Jeana Kim Reinbold, Esq.*
*ABLITT LAW OFFICES, P.C.*
*Attorney for Federal Home Loan Mortgage Corporation*

### MEMORANDUM OPINION

This matter comes before the Court on Federal Home Loan Mortgage Corporation's (the "Defendant") motion to dismiss the complaint (Ct. Doc. No. 7) filed by Edmond J. Ford (the "Trustee" or the "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's objection thereto. In the complaint, the Plaintiff seeks to avoid a pre-petition conveyance to the Defendant and recover the value of the property conveyed under 11 U.S.C. §§ 544(a) and 550, respectively.[1] On April 7, 2009, the Court held a hearing on the motion and took the matter under advisement. For the reasons discussed below, the Court denies the motion to dismiss the complaint.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On April 10, 2008, IndyMac Bank F.S.B. conducted a foreclosure sale on the property of Kenneth Bishop (the "Debtor") located at 329 River Road in Manchester, New Hampshire.  Prior to the foreclosure sale, the Debtor failed to exercise his statutory right of redemption under N.H. Rev. Stat. § 479:18.  The foreclosed property was sold at auction to the Defendant.  On April 30, 2008, the Debtor filed a Chapter 7 petition in bankruptcy, which was dismissed on July 18, 2008.  The Plaintiff filed a motion on July 21, 2008, to vacate the dismissal order because it was entered in violation of Federal Rule of Bankruptcy Procedure 1017(a).  The Defendant recorded the foreclosure deed on August 8, 2008.  On August 12, 2008, the Court vacated its dismissal order.  The Defendant subsequently sold the property on December 5, 2008, for the sum of $251,000.  The Plaintiff asserts that the Defendant's failure to record the foreclosure deed within sixty days of the foreclosure sale renders the conveyance avoidable pursuant to § 544(a) and N.H. Rev. Stat. § 479:26 II.  The Plaintiff seeks to recover the value of the property, $250,000, from the Defendant under § 550(a)(1).

## DISCUSSION

Under Rule Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for

"failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008). "[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief. Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. at 1950. The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimaint is entitled to offer evidence to support the claims." Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

    **I.**    **The Trustee's Rights under Section 544**

Pursuant to 11 U.S.C. § 544(a), as of the commencement of the case, the trustee has the status of a hypothetical lien creditor and bona fide purchaser for value with respect to property of the debtor.[2]

---

[2]Section 544(a) provides that "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is avoidable by – (1) a

    New Hampshire Revised Statute § 479:26 provides:

    479:26 Return; Effect.

    I.  The person selling pursuant to the power shall within 60 days after the sale cause the foreclosure deed, a copy of the notice of the sale, and his affidavit setting forth fully and particularly his acts in the premises to be recorded in the registry of deeds in the county where the property is situated . . . . If such recording is prevented by order or stay of any court or law or any provision of the United States Bankruptcy Code, the time for such recording shall be extended until 10 days after the expiration or removal of such order or stay[.]

    II.  Failure to record said deed and affidavit within 60 days after the sale shall render the sale void and of no effect only as to liens or other encumbrances of record . . . intervening between the day of the sale and the time of recording of said deed . . . .

    III.  Title to the foreclosed premises shall not pass to the purchaser until the time of the recording of the deed . . . .  Upon such recording, title to the premises shall pass to the purchaser free and clear of all interests and encumbrances which do not have priority over such mortgage [.]

N.H. Rev. Stat. § 479:26,

    To assert a cause of action pursuant to § 544(a)(1) or § 544(a)(3), the Plaintiff must provide adequate grounds for an inference that a transfer of property of the debtor is avoidable by a hypothetical lien creditor or bona fide purchaser.  In support of its motion to dismiss, the Defendant asserts that the foreclosure sale extinguished the bankruptcy estate's rights in the property.  This argument attacks the merits of the Plaintiff's arguments.  The facts alleged provide that the Defendant recorded its foreclosure deed more than sixty days after the foreclosure sale.  Though New Hampshire law allows for an extension of the time for recording where such recording is prevented by the bankruptcy code, the Defendant failed

---

creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists . . . (3) a bona fide purchaser for real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a).

to record the foreclosure deed within the extension period as well.[3] As a result, the Defendant is subject to any liens or encumbrances of record between April 10, 2008, and August 8, 2008. While the bankruptcy petition was dismissed at the time the foreclosure deed was recorded, the Plaintiff's complaint sufficiently sets forth factual allegations wherefrom an inference could be made that the trustee held the status of a hypothetical lien creditor or bona fide purchase under § 544 between the foreclosure sale and recording of the foreclosure deed (i.e. between April 10, 2008, and August 8, 2009). A well pleaded complaint may still succumb to a motion to dismiss if the "facts to do not permit the court to infer more than [a] mere possibility" of entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. at 1950. However, even under this heightened standard, the Plaintiff's complaint provides a plausible belief that the foreclosure sale is subject to the Plaintiff's hypothetical lien or intervening purchase.[4]

Section 550(a)(1) provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
>   (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made . . . .

11 U.S.C. § 550(a)(1). The Defendant argues that the complaint should be dismissed, because the Plaintiff has not set forth facts which would "undermine the validity of the foreclosure sale or the foreclosure deed." (Defendant's Mot. to Dismiss.) After the foreclosure sale, the subject property of the present case was subsequently sold. Pursuant to § 550(a)(1), if the Plaintiff prevails on his § 544 action and believes the value of the property is beneficial to the estate, he is entitled to recover the value of the property from the Defendant rather than "undo" or challenge the foreclosure sale.

---

[3]Without deciding whether the bankruptcy code prevents recording of a foreclosure deed, the Court is simply making a point that the recording occurred well beyond the time period prescribed in N.H. Rev. Stat. § 479:26.

[4]The Court recognizes that Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) was decided after the commencement of the present case, but points out that the Plaintiff's complaint would still survive the higher pleading requirements established in the Ashcroft decision.

## CONCLUSION

It is uncertain whether the Plaintiff will succeed on his complaint, and the Defendant may be able to rebut the Plaintiff's claim.  However, the Court is not required to decide the merits of this case.  The Court must only decide whether the Plaintiff's complaint is plausible.  Consequently, the Court finds that the Plaintiff has shown that he is entitled to proceed on his claim.  Accordingly, the Defendant's motion to dismiss the complaint is denied.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 24th day of July, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge